```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
ROBERT HAUGHTON,                                           :
                                Plaintiff,                 :
                   -v-                                     :    15-CV-1160 (JPO)
                                                           :
OFFICER CLINTON,                                           :    OPINION AND ORDER
                                Defendant.                 :
-----------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

      Plaintiff Robert Haughton filed this case on February 18, 2015, seeking relief under 42 U.S.C. § 1983. (Dkt. No. 2.) On July 16, Defendant Officer Clinton moved to dismiss the Complaint. (Dkt. No. 13.) Haughton did not file an opposition within four weeks, as required by the Court's Individual Practices in Pro Se Cases. On August 24, the Court *sua sponte* extended Haughton's deadline to September 21 and warned that, should Haughton fail to deliver his brief to the proper prison authorities by that time, the Court would consider Clinton's motion to be unopposed. The Court mailed a copy of that Order to Haughton to his listed address at the Vernon C. Bain Center, but it was returned as undeliverable on September 11. Court staff identified a new address for Haughton at the Otis Bantum Correctional Center, and on September 11 mailed him a new copy of the Order and a Pro Se Change of Address Form. That mail was not returned as undeliverable, yet Haughton has not filed an opposition brief.

      Clinton moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim upon which relief can be granted. "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining . . . ." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). Accordingly, the district court must

determine whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal." *Id.* at 323.

Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007); *see Blanc v. Capital One Bank*, No. 13-CV-7209, 2015 WL 3919409, at *2-3 (S.D.N.Y. June 24, 2015). "A document filed *pro se*," like the complaint here, "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam)). Nonetheless, a complaint must contain "factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief." *Blanc*, 2015 WL 3919409, at *2 (quotations omitted).

Having conducted an independent review of the record, the Court concludes that the motion to dismiss must be granted. Haughton's complaint alleges that he was "cut in the face from behind by another inmate" on January 18, 2015. (Dkt. No. 2.) Sometime "[p]rior to being cut," he "informed the [sic] Officer Clinton that [he] feared for [his] safety." (*Id.*) Clinton allegedly replied that "nothing has happened to [you] yet so until then I can't do anything." (*Id.*) After being cut, Haughton "looked around for [Clinton] but he was gone. [Haughton] walked to the gate and a female officer noticed [he] was bleeding" and helped Haughton get care. (*Id.*)

Haughton argues that these allegations constitute denial of his "constitutional right to be protected from inmate on inmate assault." (*Id.*) Such a failure-to-protect claim is evaluated

under a "deliberate indifference" standard. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009) (applying the standard to pretrial detainees). To state a claim, a plaintiff must show that "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant prison officials possessed sufficient culpable intent." *Rennalls v. Alfredo*, No. 12-CV-5300, 2015 WL 5730332, at *3 (S.D.N.Y. Sept. 30, 2015) (quoting *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)); *see Farmer*, 511 U.S. at 834. Haughton makes neither of those showings.

Under the first prong of the deliberate indifference standard, an alleged deprivation is sufficiently serious if it is "a condition of urgency, one that may produce death, denigration, or extreme pain." *Gilmore v. Rivera*, No. 13 Civ. 6955, 2014 WL 1998227, at *3 (S.D.N.Y. May 14, 2014) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)); *see id.* (explaining that a substantial risk of serious harm may exist "where there is evidence of a previous altercation between a plaintiff and an attacker" and a complaint or request to be separated from the attacker); *Blake v. Kelly*, No. 12 Civ. 7245, 2014 WL 4230889, at *5 (S.D.N.Y. Aug. 26, 2014) (permitting a failure-to-protect claim based on risks associated with "alleged conditions of overcrowding and a 'den of violence'"). Haughton offers only the conclusory allegation that he "feared for [his] safety," without alleging that an attack was imminent or expected from a particular inmate. Even construed liberally, that allegation falls short of an allegation of any specific or imminent risk of harm to Haughton. *See Gilmore*, 2014 WL 1998227, at *3; *cf. Carr v. Canty*, No. 10 Civ. 3829, 2012 WL 3578742, at *4 (S.D.N.Y. Aug. 16, 2012) (Oetken, J.).

Under the second prong, "sufficient culpable intent" is present if a prison official "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Rennalls*, 2015 WL 5730332, at *3 (quoting *Hayes*, 84 F.3d at 620). Just as Haughton's allegation of fear was too conclusory to

3

constitute an objectively substantial risk of serious harm, so it is too conclusory for Clinton to have inferred the existence of such a substantial risk.  Courts have denied deliberate indifference claims even where the officer is aware of a specific conflict between the plaintiff and the attackers.  *See Gilmore*, 2014 WL 1998227, at *4 (citing *Desulma v. City of N.Y.*, No. 98 Civ. 2078, 2001 WL 798002 (S.D.N.Y. July 6, 2001)); *Zimmerman v. Macomber*, No. 95 Civ. 882, 2001 WL 946383, at *5-6 (S.D.N.Y. Aug. 21, 2001).  Here, Haughton alleges that Clinton was made aware of only Haughton's generalized concern for his safety.  Further, given the level of risk that Haughton allegedly articulated to Clinton, Clinton cannot be understood to have subjectively disregarded the risk by reacting unreasonably.

The motion to dismiss is GRANTED.  As this case is dismissed due to deficiencies in the pro se Plaintiff's first complaint, leave to amend the complaint is GRANTED.  Haughton may file an amended complaint within 45 days of the date of this order.

The Clerk of Court is directed to close docket entry 12.  The Clerk shall close this case, subject to reopening if an amended complaint is filed within 45 days.

SO ORDERED.

Dated: December 17, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

Copy mailed to pro se plaintiff at:
Robert Haughton
241-14-09966
NYSID# 0287993Q
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, NY 11370